IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR428** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MICOLEEN CRANE,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 45). The government has adopted the PSR. (Filing No. 41.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 25 insofar as that paragraph includes a 2-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) (possession of a dangerous weapon) and fails to include a 2-level downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(7) (safety valve). The Defendant concedes that, in light of the Rule 11(c)(1)(C) plea agreement, the issue is moot. However, the objection is made for purposes of the Defendant's security classification within the Bureau of Prisons.

The objection will be heard at sentencing. The government bears the burden of proof with respect to the obstruction of justice issue, and the Defendant with respect to the safety valve issue. The standard of proof in both instances is preponderance of the evidence. If the parties need more than 30 minutes for the sentencing hearing, they shall contact Edward Champion and reschedule the hearing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 45) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 24th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge